UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY L. CLABORN** | **CIVIL ACTION** |
| **VERSUS** | **NO:     06-3963** |
| **JEFFERY TRAVIS, WARDEN** | **SECTION: "K" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

### I.     Factual Background

Petitioner, Jerry Claborn ("Claborn") was stopped at 9:35 a.m. on July 28, 2000, on 27th Street in Kenner, Louisiana on traffic violations. The police officer ran a criminal history check and upon doing so noted that there was an outstanding warrant for Claborn's arrest. Thereafter, the

narcotics division executed a warrant at Claborn's residence and found a loaded 9mm pistol. The weapon was located at the head of Claborn's bed.

Also during the search, a loaded .25 caliber weapon was found near the kitchen area. At the time of the search, Claborn had previously been convicted of possession of a Schedule II, Controlled Dangerous Substance. As a result, on August 22, 2000, the Kenner Police Department charged Claborn with violating La. R.S. 14:75.1- possession of a firearm by a person convicted of certain felonies.[1] On October 12, 2000, Claborn was charged in Jefferson Parish by Bill of Information in Case No. 00-5861with being a convicted felon and possessing a firearm.[2] Thereafter, on January 3, 2001, Claborn was charged in Jefferson Parish by Bill of Information in Case No. 01-0005 with possession of cocaine with the intent to distribute.[3] On May 29, 2001, Claborn pled guilty in the Twenty-Fourth Judicial District Court for the Parish of Jefferson to the charges of being a convicted felon in possession of a firearm and possession of cocaine with the intent to distribute.[4]

## II. Procedural Background

Claborn is incarcerated in the Washington Correctional Institute in Angie, Louisiana.[5] Claborn was originally sentenced to ten years in connection with the charge of being a convicted felon in possession of a weapon and to five years in connection with the charge of being in

---

[1] State rec., vol. 1 of 4.

[2] State rec., vol. 1 of 4.

[3] State rec., vol. 3 of 4.

[4] State rec., vol. 2 of 4.

[5] Rec. Doc. No. 7.

2

possession of cocaine with the intent to distribute, with the sentences to run concurrently.[6] On that same date, Claborn pled guilty to being a second felony offender and his original five-year sentence, in connection with his drug conviction, was vacated. He was sentenced to 15 years incarceration, to run concurrently with the ten-year sentence he received for being a convicted felon in possession of a weapon.[7]

Thereafter, Claborn had five days within which to file a motion for an appeal in connection with his convictions and sentences. *See* La. Code Crim. P. art. 914.[8] Claborn, however, made no effort to seek a direct appeal. As such, his convictions and sentences were rendered final on June 5, 2001, five business days after his May 29, 2001 guilty pleas and the court's sentencing. *See Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914); La. Code Crim. P. art. 13 (weekends and holidays are not included in calculation of period less than seven days).

On June 19, 2001, Claborn filed with the state district court a motion to withdraw his guilty plea which the district court denied on July 25, 2001.[9] On July 2, 2001, he filed a motion to

---

[6]State rec., vol. 2 of 4.

[7]State rec., vol. 2 of 4.

[8]At the time of petitioner's convictions, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence. Failure to move timely for appeal under Article 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985). Article 914 was later amended by La. Acts 2003, No. 949, §1, to provide defendants with 30 days within which to timely appeal their conviction and/or sentence.

[9]State rec., vol. 1 of 4.

reconsider sentence which the district court denied on July 10, 2001.[10] On September 12, 2001, Claborn filed an application for post-conviction relief which the district court denied on September 18, 2001 due to his failure to utilized the proper post-conviction form.[11]

Approximately one year later, on September 16, 2002, Claborn properly filed a post-conviction application which the district court denied on October 25, 2002.[12] On November 14, 2002, he filed a second post-conviction application raising four claims for relief, all of which the district court, in orders dated November 21, 2002 and June 15, 2004, denied.[13] On September 21, 2004, the Louisiana Fifth Circuit Court of Appeal similarly denied Claborn's post conviction relief.[14] On August 15, 2005, the Louisiana Supreme Court denied his writ application.[15]

While his post-conviction application was pending, Claborn filed a motion to vacate and set aside an illegal sentence.[16] His effort in this regard culminated on March 31, 2006, when the Louisiana Supreme Court denied his writ application pursuant to La. C. Cr. P. art. 930.8 and La. C. Cr. P. art. 930.4(D) as untimely and repetitive.[17]

---

[10] State rec., vol. 1 of 4.

[11] State rec., vol. 1 of 4.

[12] State rec., vol. 1 of 4.

[13] State rec., vol. 1 of 4.

[14] State rec., vol. 4 of 4, *State v. Claborn*, 2004-KH-1090, 09/21/04.

[15] *State ex rel. Claborn v. State*, 908 So.2d 671 (La. 2005), State rec., vol. 4 of 4, 2004-KH-2787, 08/15/05.

[16] State rec., vol. 3 of 4.

[17] *State ex rel. Claborn v. State*, 925 So.2d 1245 (La. 2006), State rec., vol. 4 of 4, 2005-KH-1875, 03/31/06.

**III.     Federal Petition**

On July 23, 2006, Claborn filed the instant federal habeas corpus application raising the following grounds for relief:[18] (1) he was denied due process by virtue of defense counsel's action in entering a plea of guilty on his behalf; (2) counsel was unconstitutionally ineffective in failing to pursue a defense strategy; and (3) counsel's erroneous advice led him to unknowingly and involuntarily plead guilty.  In its response, the State contends that Claborn's habeas application is untimely.[19]  For the reasons which are set forth below, the court agrees that petitioner's federal habeas corpus application is untimely.

**IV.     Standard of Review**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[20]  *See* 28 U.S.C. § 2244(d)(1) (West 2008), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.  In this case, because Claborn's time for seeking review expired on June 5, 2001, his one-year limitation period commenced running on that date, giving him until approximately June 5, 2002 to timely seek habeas corpus relief.

---

[18]Rec. doc. 7.

[19]Rec. doc. 14.

[20]The AEDPA applies to this case, as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997).

As noted above, Claborn filed the instant action on July 23, 2006.[21] Thus, Claborn's federal habeas corpus application must be dismissed as untimely unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Claborn commenced seeking collateral review shortly after his convictions and sentences became final on June 5, 2001, filing motions challenging his guilty plea, along with an improper application for post-conviction relief which the state district court denied on September 18, 2001.[22] If this court, in an abundance of caution, tolls Claborn's one-year prescriptive period for this entire period of time, commencing the running of prescription on October 17, 2001, thirty days after the

---

[21]The court uses the date when the petitioner signed and dated his petition as his federal filing date. *See* Federal Habeas petition, Fed. Rec. Doc. 7 at p. 7. Under the federal "mailbox" rule, a pleading filed by a prisoner acting *pro se* is considered to be filed on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing. *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

[22]*See* discussion *supra* at p. 3.

state district court denied his improperly filed post-conviction application,[23] the instant action is still untimely.[24]

Claborn took no action to toll prescription from October 17, 2001 until September 16, 2002, when he properly filed a post-conviction application with the state district court. At that point, approximately eleven months of Claborn's twelve month prescriptive period had expired.

As noted above, Claborn's properly filed post-conviction application remained pending within the state court system, thereby tolling prescription, until August 15, 2005, when the Louisiana Supreme Court denied his writ application.[25] At that point, however, prescription remained tolled because Claborn had pending within the state court system a motion to vacate and set aside an illegal sentence. That effort to obtain relief from his convictions and sentences concluded on March 31, 2006, when the Louisiana Supreme Court denied his writ application.[26]

Claborn filed the instant federal habeas application approximately four months later, on July 23, 2006.[27] At that point, prescription had expired. As no facts have been presented warranting the

---

[23]Louisiana Court of Appeal Rule 4-3 provides, in pertinent part:

> When an application for writs is sought to review the actions of a trial court, the trial court shall fix a reasonable time within which the application shall be filed in the appellate court, **not to exceed thirty days** from the date of the ruling at issue. [Emphasis added.]

[24]Because petitioner did not submit his initial post-conviction application on the proper form, it was not "properly filed" as required under 28 U.S.C. § 2244(d)(2) for purposes of tolling prescription. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Pace v. DiGugliemo*, 544 U.S. 408, 417 (2005); *Austin v. Johnson*, 2009 WL 260482, *7 (E.D. Va. Feb. 02, 2009).

[25]*See* discussion *supra* at p. 3.

[26]*See* discussion *supra* at pp. 3-4.

[27]Claborn filed pleadings in the state courts after filing the instant habeas action. One such filing was an August 24, 2005 motion to return seized property (state rec., vol. 1 of 4) which culminated in the Louisiana Supreme Court's denial of petitioner's writ application on January 17, 2007. *State ex rel. Claborn v. State*, 948 So.2d 141 (La. 2007), State rec.,

application of equitable tolling, a doctrine that applies in rare and exceptional circumstances and principally where the petitioner has been actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights, *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), it is recommended that Claborn's federal habeas corpus application be dismissed with prejudice.

## V. Recommendation

For the foregoing reasons, it is hereby **RECOMMENDED** that the application for federal habeas corpus relief filed by Petitioner, Jerry Claborn, be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation **within 10 days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 11th day of March, 2009.

                                                **KAREN WELLS ROBY**
                                      **UNITED STATES MAGISTRATE JUDGE**

---

vol. 4 of 4, 2006-KH-1300, 01/12/07. However, because all of these pleadings were filed after Claborn filed his federal habeas application and several of the pleadings, such as his motion to return seized property, do not represent a challenge to petitioner's convictions and sentences, said pleadings are not relevant for purposes of determining the timeliness of the instant action.